UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

In re Carrick Trucking, Inc.,

                    Debtors,

BRIAN CARRICK and
TRUDY CARRICK,

                    Appellants,                         Case No. 15-cv-13115

v.                                         Honorable Thomas L. Ludington

KELLY HAGAN, Chapter 11 Liquidating Trustee,

                    Appellee.

_____/

**OPINION AND ORDER AFFIRMING BANKRUPTCY COURT**

Appellants Brian and Trudy Carrick have appealed from a decision by the Bankruptcy Court for the Eastern District of Michigan in an adversarial proceeding initiated by the Chapter 11 liquidating trustee ("Appellee" or "Trustee") for Carrick Trucking, Inc. ("Debtor"). Appellants claimed a constructive trust in a portion of a parcel of real property owned by Debtor. In response to this claim, the liquidating trustee initiated a core adversarial proceeding against Appellants. Trustee sought a judgment declaring that Appellants had no priority interest in the parcel they claimed.

Trustee moved for summary judgment, arguing that no constructive trust existed under Michigan law for two reasons: first, a constructive trust must be imposed by a court and was not imposed here; and, second, that even if a constructive trust does not need to be imposed by a court, the equitable conditions required for recognizing a constructive trust are not satisfied. The

bankruptcy court granted Trustee's motion for summary judgment and determined that Appellants did not hold a constructive trust in any portion of the subject property and thus were simply "claimants" under the bankruptcy code.

Appellants timely appealed.

## I.

Appellants Brian and Trudy Carrick are spouses. Brian Carrick is an owner and shareholder of Debtor Carrick Trucking. Trudy Carrick is an employee of Debtor.

Debtor filed a voluntary petition under Chapter 11 of the bankruptcy code on April 1, 2013.

## A.

On September 5, 1990, Debtor acquired 93.65 acres of real property on Emery Road in Denton Township, Roscommon County, Michigan, on a land contract from Barbara Duncan. Debtor's name is listed as the grantee on the warranty deed. That same day, the company held a shareholder meeting. Only two individuals had, at the time of the meeting, voting shares in the company. These are Brian Carrick's parents: Dean Carrick and Gail Carrick.

During the meeting, the shareholders resolved that the meeting was "organized to address the issue of a real estate purchase and future sale." Meeting Minutes, ECF No. 6-1, In re: Carrick Trucking, Case No. 14-02108 (E.D. Mich. Bankruptcy). The Meeting Minutes explain the shareholders' intent for the property:

> This parcel of real estate shall be held in the Corporation's name for a period not to succeed twenty years, but may be transferred by shareholders at any time prior to that period. At the time, the real estate shall be transferred out of the Corporation's name, and into the personal names of Dean and Gail K. Carrick. It is Dean and Gail's intent at this time, to split the acreage and give Brian D. And Trudy L. Carrick. 3.65 acres and Dean and Gail to keep the 90 acres.

*Id*. (sic throughout).

- 2 -

From the time Debtor acquired the parcel to the time it filed for bankruptcy protection, the parcel was never sold or transferred. The parcel also was never split, as contemplated in the meeting minutes. Further, from the time the parcel was purchased, Appellants did not pay any of the real estate taxes on the property.

**B.**

In 1993 and 1994, during the period in which Debtor owned the parcel, Debtor constructed a house on the real estate. The house is 1,344 square feet with three bedrooms, a full basement, a well, and a septic field. Both Debtor and Appellants provided funds for the construction of the house. Similarly, both provided labor for the construction of the house.

Brian and Trudy Carrick lived in the house

**C.**

Debtor filed for bankruptcy protection on April 1, 2013. During the course of the bankruptcy proceeding, Appellants asserted an equitable interest in a portion of the Emery Road property. Specifically, they claimed that they held a constructive trust in 3.65 acres of the property and the three bedroom house built upon that acreage. Their claim was based on the meeting minutes from Debtor's June 11, 1990 shareholders meeting and the fact that they expended some funds and labor during the construction of the house. Appellants claimed constructive trust would have had a senior interest to the interests of any other creditor in bankruptcy.

On October 17, 2014, Appellee Trustee initiated an adversary proceeding against Appellants. Trustee sought to obtain a declaratory judgment that Appellants did not hold an equitable interest in the 3.65 acres or the house on that acreage. Trustee sought a declaration that the sub-parcel and the house were a property of Debtor's estate.

Trustee moved for summary judgment on March 18, 2015. The bankruptcy court granted Trustee's motion on August 18, 2015 and entered judgment declaring that Appellants held no constructive trust or equitable interest in the Emery Road property or any of the improvements made to the property.

## II.

Final orders of a bankruptcy court are appealable to a federal district court under 28 U.S.C. § 158(a). *In re Gourlay*, 496 B.R. 857, 859 (E.D. Mich. 2013). "Th[is] Court reviews a bankruptcy court's findings of fact for clear error and its conclusions of law de novo." *Id.* (citing *AMC Mortg. Co. v. Tenn. Dep't of Revenue (In re AMC Mortg. Co.)*, 213 F.3d 917, 920 (6th Cir.2000)).

## III.

On appeal, Appellants claim that the bankruptcy court erred by not recognizing that they held a constructive trust over the 3.65 acres of the Emery Road property. The bankruptcy court held that, under Michigan law, constructive trusts must be imposed by a court of law in advance of a debtor seeking bankruptcy protection. Appellants argue that this conclusion is incorrect and that they possessed a constructive trust as a matter of equity and the bankruptcy court should have recognized as much.

## A.

In *Metropolitan Life Ins. Co. v. Mulligan*, 210 F. Supp. 2d 894 (E.D. Mich. 2002) this Court explained the operation of constructive trusts under Michigan law:

> The Michigan Supreme Court has held that "a constructive trust is strictly not a trust at all, but merely a remedy administered in certain fraudulent breaches of trusts." *Blachy v. Butcher*, 221 F.3d 896, 905 (6th Cir.2000) (quoting *Soo Sand & Gravel Co. v. M. Sullivan Dredging Co.*, 259 Mich. 489, 494, 244 N.W. 138, 140 (1932)). A constructive trust may be imposed upon a finding of fraud, concealment, misrepresentation, or any other circumstances that would render an

- 4 -

> unconscionable outcome or when an inequitable outcome would result. *Blachy*, 221 F.3d at 903–04. A constructive trust may also be imposed "where such trust is necessary to do equity or to prevent unjust enrichment . . . ." *Ooley v. Collins*, 344 Mich. 148, 158, 73 N.W.2d 464, 469 (1955). The trusts' "forms and varieties are practically without limit, being raised by courts of equity whenever it becomes necessary to prevent a failure of justice." *Butler v. Attwood*, 369 F.2d 811, 819 (6th Cir.1966) (quoting *Kent v. Klein*, 352 Mich. 652, 658, 91 N.W.2d 11, 14 (1958)). The party wanting the constructive trust to be imposed has the burden of proof. *Kammer Asphalt Paving Co. v. East China Township Sch.*, 443 Mich. 176, 188, 504 N.W.2d 635, 642 (1993).

*Id*. at 899. The Sixth Circuit has explained that "a constructive trust does not arise until a judicial decision imposes such a trust under Michigan law." *Blachy v. Butcher*, 221 F.3d 896, 905 (6th Cir. 2000). Thus, under Michigan law, a constructive trust can only be recognized by a court and does not exist before such recognition.

Appellants argue in their brief that "[t]he Sixth Circuit does not require a judicial determination to 'impress' a constructive trust upon real property." Appellants' Br. 9, ECF No. 5. They are not correct. As just explained, the Sixth Circuit, in applying Michigan property law requires the opposite. *See Blachy*, 221 F.3d at 905.

Appellants concede that "[t]he existence of a constructive trust is a matter of state law." Appellants' Br. 9. Accordingly, the cases upon which they rely are inapposite. They have offered no case that is contrary to the Sixth Circuit's holding in *Blachy*. In *In re Morris*, 260 F.3d 654, (6th Cir. 2001) the Sixth Circuit addressed constructive trusts under Ohio law and held that "a constructive trust can arise without a formal judicial decision under Ohio law." *Id*. at 669. This was, the Sixth Circuit explained, in contrast to Michigan law where a constructive trust "does not exist until a plaintiff obtains a judicial decision finding him to be entitled to a judgment 'impressing' defendant's property or assets with a constructive trust." *Id*. (quoting *In re Omegas Grp., Inc.*, 16 F.3d 1443, 1451 (6th Cir. 1994)). The Sixth Circuit's decision in *Morris* relied upon its earlier decision in *In re McCafferty*, 96 F.3d 192 (6th Cir. 1996) where the Sixth Circuit

was also addressing constructive trusts under Ohio law. Appellants attempt to rely on *McCafferty* as well, but it is unhelpful.

Appellants provide no authority for the claim that Michigan law does not require a court of law to impose a constructive trust before one is recognized. Indeed, the law is to the contrary. Further, to the extent they sought as much from the bankruptcy court, Appellants do not provide any authority for the bankruptcy court imposing a constructive trust in favor of Appellants. Again, the law on this point is also to the contrary. *See In re Omegas Grp., Inc.*, 16 F.3d at 1451 (holding that the bankruptcy code does not allow a bankruptcy court to impose a constructive trust during the course of bankruptcy).[1]

The decision of the bankruptcy court will be affirmed.

## B.

Lastly, Appellants make a claim for the application of a Michigan state court procedural rule (M.C.R. 3.411) for determining interests in land under a substantive Michigan state law (M.C.L. 600.2932). Appellants claim, with no support, that "[t]his is not a 'claim' as defined by 11 U.S.C. § 101(5)." Appellants' Br. 12. Appellants go on to state that it is "real dollars." *Id*. This argument is confusing and, absent authority explaining how a state court procedural rule takes precedent over the bankruptcy code, is also meritless.

## IV.

Accordingly, it is **ORDERED** that the August 18, 2015 Opinion and Judgment of the Bankruptcy Court for the Eastern District of Michigan is **AFFIRMED**.

---

[1] Appellants, perhaps fairly, make much of the fact that they paid for parts of construction of and improvements made to the house on the 3.65 acres. They also make much of the fact that during a June 11, 1990 shareholders meeting for shareholders of Debtor, the parcel was promised to them. But, Appellants have sought recovery based on a theory of constructive trust and the law in Michigan requires that a trust be imposed by a court of law. The law of the Sixth Circuit prohibits a bankruptcy court applying Michigan law from imposing a constructive trust.

Dated: April 22, 2016                              s/Thomas L. Ludington
                                                   THOMAS L. LUDINGTON
                                                   United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served
upon each attorney or party of record herein by electronic means or first
class U.S. mail on April 22, 2016.

                                        s/Amanda Chubb for Michael A. Sian
                                        MICHAEL A. SIAN

---